IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LILY DEWITT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:24-CV-1577 |
| | § | |
| | § | |
| REDIS INC., | § | JURY DEMANDED |
| | § | |
| Defendants. | § | |

**COMPLAINT**

Plaintiff LILY DEWITT ("Plaintiff") complains of REDIS INC. and for her cause of action would show the Court as follows:

**I.**

**INTRODUCTION**

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States, including Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act.

**II.**

**PARTIES**

2. Plaintiff LILY DEWITT is a resident of Hays County, Texas.

3. Defendant REDIS, INC. is an entity which is doing business in Texas, and which is not registered with the Texas Secretary of State. Defendant was represented at the EEOC by Elizabeth P. Harper; eharper@grsm.com; GORDON & REES SCULLY MANSUKHANI, LLP;

1900 West Loop South, Suite 1000, Houston, TX 77027; (713) 961-3366 (Telephone); (713) 961-3938 (Facsimile).

## III.

## JURISDICTION, VENUE, AND ADMINISTRATIVE REMEDIES

4. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") in accordance with those statutes' provisions against sex/pregnancy discrimination and retaliation. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of sex/gender.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

6. This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in this district.

7. Plaintiff filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission (EEOC) on June 26, 2024, within 180 days of her termination on May 30, 2024. Plaintiff received a notice of the right to sue Defendant from the EEOC dated September 24, 2024, which is within 90 days of the filing of this Complaint. No notice of right to sue from the Texas Workforce Commission is needed for Plaintiff's claims under the TCHRA.

## IV.

## CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

## V.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

9. Ms. DeWitt started working for Defendant Redis Inc. in July 2023 as a Senior Corporate Sales Representative (CSR) at Respondent's office in Austin, Texas. Ms. DeWitt was based in this office for the duration of her employment. Ms. DeWitt worked in sales until her termination on May 30, 2024. Ms. DeWitt was one of only four female corporate sales representatives out of a total of 18 CSRs. As of today, only one female CSR remains, as the rest either left or were terminated.

10. In early May 2024, Ms. DeWitt was placed on a performance improvement plan (PIP), though at the time Ms. DeWitt was outperforming many of the male CSRs, who were not put on PIPs. Ms. DeWitt consistently met the benchmarks set by Defendant that were designed to let the CSR employees know whether they were on pace to meet their goals by the end of the year. Regardless, very few of Ms. DeWitt's counterparts met their sales targets in any given year. When Ms. DeWitt was terminated on May 30, 2024, her numbers exceeded those of many of her male colleagues. When Ms. DeWitt and her supervisor, George Azaletey, spoke about the PIP, Mr. Azaletey told Ms. DeWitt that there were not really issues with her performance. He later indicated that the PIP was not the real reason for Ms. DeWitt's termination, but did not say more.

11. During the time Ms. DeWitt worked for Defendant, she observed numerous examples of men being treated more favorably than women. For example, a male colleague who did not close any business in the first quarter of 2024 was not put on a performance improvement plan. Instead he was granted inherited opportunities to fill his pipeline. Meanwhile, Ms. DeWitt did close business that quarter and received no additional opportunities.

12. Throughout Ms. DeWitt's employment, supervisors took customers away from her that she had worked hard to obtain and handed them off to a male colleague who was not meeting his performance benchmarks. Similarly, there was an imbalance in distribution of the On Demand accounts, the easiest deals to close, with the majority given to male CSRs. Ford Williams, Respondent's Vice President of Sales, acknowledged this imbalance by noting that they needed to redistribute the On Demand accounts, but no such action was taken.

13. Mr. Williams subtly and overtly expressed his preference for male employees on numerous occasions, and actively facilitated a work environment that clearly favored the male CSRs. In early May 2024, before what was meant to be a team-wide happy hour, Mr. Williams privately invited several male employees to what they referred to as a "bros dinner". Mr. Williams and several of Ms. DeWitt's male colleagues attended this dinner while the rest of the team was at the happy hour.

14. Throughout Ms. DeWitt's employment, Mr. Williams frequently belittled her and other female employees. He often interrupted or took over during presentations made by female employees, while he permitted male employees to continue undisturbed. He would often ask Ms. DeWitt a question and then interrupt her with additional questions while she was answering the first, getting upset when Ms. DeWitt continued answering his first question. Overall, he afforded women less respect when they spoke in the office, and in other aspects of their employment.

## VI.

## CAUSES OF ACTION

### COUNT ONE - DISCRIMINATION UNDER TITLE VII

15. Plaintiff filed a charge of discrimination against Defendants with the United States Equal Employment Opportunity Commission (EEOC) on June 26, 2024, within 180 days

of her termination on May 30, 2024. Plaintiff received a notice of the right to sue Defendant from the EEOC dated September 24, 2024, which is within 90 days of the filing of this Complaint.

16. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

17. Defendant is an employer within the meaning of Title VII.

18. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

19. Defendant intentionally discriminated against Plaintiff because of her gender (female) in violation of Title VII by subjecting Plaintiff to the events described above, including but not limited to restricting her sales opportunities and by terminating her employment. Defendants' decisions were motivated by Plaintiff's gender.

## COUNT TWO - DISCRIMINATION UNDER
## THE TEXAS COMMISSION ON HUMAN RIGHTS ACT

20. No notice of right to sue from the Texas Workforce Commission is needed for Plaintiff's claims under the TCHRA.

21. The conduct of the Defendant towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities constitutes discrimination

on the basis of gender, in direct violation of §21.001, et. seq., Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

22. An employer commits an unlawful employment practice if...the employer...discriminates against an individual...or...classifies an employee...in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee.

23. Plaintiff's gender was a determining or motivating factor in Defendant's employment decisions regarding Plaintiff as described above, including the decision to terminate Plaintiff's employment. Plaintiff's gender moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

24. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## VII.

## DAMAGES

25. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

26. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life,

injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

27. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VIII.

### ATTORNEYS' FEES AND EXPERT FEES

28. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964 and the TCHRA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## IX.

### JURY DEMAND

29. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay.

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

      5.     The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

          Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF